**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                    No. 05-5178

JESSIE BEN HAIRSTON,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-04-8)

Argued: February 1, 2008

Decided: April 3, 2008

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Vacated and remanded by published opinion. Judge Traxler wrote the opinion, in which Judge Niemeyer and Judge Duncan joined.

**COUNSEL**

**ARGUED:** Jon Ian Davey, Danville, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** John L. Brownlee, United States Attorney, Edward A. Lustig, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

**OPINION**

TRAXLER, Circuit Judge:

Jessie Ben Hairston pleaded guilty to multiple charges involving the distribution of drugs and unlawful possession of firearms. There is no real dispute that a Rule 11 error occurred during the plea colloquy. *See* Fed. R. Crim. P. 11. Although the error involved only some of the counts to which Hairston pleaded guilty, we conclude that the proper remedy is to vacate Hairston's guilty pleas and convictions as to all charges and permit him to plead anew.

I.

Hairston was indicted on thirty-one counts of various drugs and firearms charges — one count of conspiracy to make a false statement on a firearm transaction form, *see* 18 U.S.C.A. § 371 (West 2000); eight counts of distribution of crack cocaine, *see* 21 U.S.C.A. § 841 (West 1999 & Supp. 2007); fourteen counts of unlawful possession of a firearm by a convicted felon, *see* 18 U.S.C.A. § 922(g)(1) (West 2000); and eight counts of use of a firearm during a drug trafficking crime, *see* 18 U.S.C.A. § 924(c) (West Supp. 2007). Hairston and the government entered into a plea agreement under which the government dismissed six of the § 924(c) charges and Hairston pleaded guilty to the remaining charges. The plea agreement contemplated that Hairston might provide substantial assistance in other prosecutions and stated that the government retained discretion to determine whether it would seek a sentence reduction based on the assistance provided by Hairston.

The plea agreement spelled out the possible sentences on the charges to which Hairston would be pleading guilty. As to the § 922(g) and drug distribution charges, the agreement stated that Hairston faced a sentence of zero to ten years. The plea agreement explained that the first § 924(c) count carried with it a mandatory sentence of five years that must be served consecutively to the other sentences and that the second § 924(c) count carried with it a mandatory sentence of twenty-five years that must be served consecutively to all other sentences. Hairston thus agreed to plead guilty to charges for

which he would receive (absent a substantial assistance motion by the government) a sentence of at least thirty years.

During the Rule 11 proceeding, the district court reviewed the terms of the plea agreement with Hairston. The district court recounted the minimum and maximum sentences as set forth in the plea agreement, including zero to ten years for each of the § 922(g) counts and mandatory consecutive sentences of five and twenty-five years for the § 924(c) counts. The district court concluded that there was a factual basis for the charges against Hairston and that Hairston understood the terms of the plea agreement and was freely and intelligently entering into the agreement. The district court therefore accepted Hairston's guilty plea.

During the course of the presentence investigation, the probation officer determined that Hairston should be sentenced as an armed career criminal under 18 U.S.C.A. § 924(e) (West Supp. 2007), a determination that greatly affected the minimum sentence Hairston faced. As set forth in the plea agreement and during the Rule 11 colloquy, the sentence for a § 922(g) violation ordinarily is not more than ten years. *See* 18 U.S.C.A. § 924(a)(2) (West 2000). Section 924(e), however, imposes a mandatory minimum sentence of fifteen years for a violation of § 922(g) if the defendant has three previous qualifying convictions.[1] *See* 18 U.S.C.A. § 924(e)(1). Hairston's designation as an armed career criminal thus meant that instead of the thirty-year minimum sentence spelled out in the plea agreement and discussed during the Rule 11 colloquy, Hairston in fact faced a minimum sentence of forty-five years — a fifteen-year minimum sentence for the § 922(g) charges, plus consecutive five- and twenty-five-year sentences for the § 924(c) counts.

At the sentencing hearing, the district court adopted the recommendations contained in the presentence report. After the government explained why it was declining to file a substantial assistance motion,

---

[1] Section 924(e) applies only to defendants who have three prior convictions for violent felonies or serious drug offenses that were committed on occasions different from one another. *See* 18 U.S.C.A. § 924(e)(1). Hairston does not dispute that his prior convictions count as predicate convictions under § 924(e).

the district court, in accordance with the calculations in the presentence report, imposed a sentence of fifteen years on the § 922(g) charges[2] and imposed sentences of five years and twenty-five years on the § 924(c) charges, to run consecutively to the other sentences and to each other, for a total term of forty-five years' imprisonment.

   The forty-five-year total sentence seemed to take the parties by surprise. Counsel for Hairston noted that the plea agreement stated that the sentence for the § 922(g) charges was zero to ten years and that the agreement did not mention even the possibility of a mandatory fifteen-year sentence if Hairston qualified as an armed career criminal. The government explained that it had repeatedly advised Hairston that he faced a *minimum* sentence of thirty years, but counsel for the government acknowledged that he had simply "overlooked" the possibility that Hairston would qualify as an armed career criminal. J.A. 98. Hairston himself summarized the problem fairly effectively:

> [Y]ou are telling me I waived all of my rights to take 45 years, when my lawyer told me I was waiving all my rights to take 30 years.
>
>    Now, please tell me what is going on here. Tell me I signed for 30 years and that's the 30 years that I should get or are you telling me that no one made me aware that I was signing for 45 years? That's totally against what I signed. And that's not right. . . .
>
> . . .
>
>    . . . Your Honor, I would not have signed a paper for 45 years. My kids would never see me again. I took the 30 years with the possibility that the government would keep me alive, that I would be able to spend whatever life I had left with my children.

---

[2]The district court also sentenced Hairston to five years on the false statement charge and fifteen years on the drug distribution charges. Because those sentences were concurrent with the sentence imposed on the § 922(g) charges, they do not affect our analysis.

I would never have signed for no 45 years. That's not what I was left to understand that I was signing the paper for.

J.A. 94, 96. Hairston sought to withdraw his plea, explaining to the district court that if he faced a sentence of forty-five years, he would have a better chance if he went to trial. *See* J.A. 91.

After considering the parties' arguments and considering the probation officer's explanation of the sentence calculations, the district court refused to permit Hairston to withdraw his guilty pleas. The court explained that while Hairston had *hoped* that the government would file a substantial assistance motion and that he would receive a thirty-year sentence as a result of that motion, Hairston had never been *promised* that he would receive a thirty-year sentence. Without the armed career criminal designation, Hairston's advisory Guidelines sentencing range for the drug-distribution and § 922(g) charges was 168 to 210 months. Because the fifteen-year sentence mandated by § 924(e) was within the otherwise applicable Guideline range, the district court believed that any misunderstanding about the minimum sentence for the § 922(g) charges was not significant.

## II.

### A.

The Federal Rules of Criminal Procedure require a district court, before accepting a guilty plea, to "personally inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea." *United States v. Damon*, 191 F.3d 561, 564 (4th Cir. 1999); *see* Fed. R. Crim. P. 11(b). Rule 11 requires the district court to explain to the defendant, among other things, the nature of each charge to which he is pleading guilty, the maximum penalty he faces, as well as "any mandatory minimum penalty" he faces. Fed. R. Crim. P. 11(b)(1)(I). On appeal, Hairston contends that the district court violated Rule 11 by not informing him before accepting his guilty pleas that he faced a mandatory fifteen-year minimum sentence on the § 922(g) charges. The government does not disagree with Hairston and concedes error on this point.

Although the government's concession of error is not binding on this court, *see United States v. Rodriguez*, 433 F.3d 411, 414 n.6 (4th Cir. 2006), it is apparent that a Rule 11 error occurred in this case. As discussed above, the district court during the plea colloquy told Hairston that the sentence for the § 922(g) counts would be between zero and ten years; the district court did not mention the possibility of a fifteen-year minimum sentence if Hairston qualified as an armed career criminal. Rule 11 does not require courts to inform defendants of the applicable Guidelines sentencing ranges, *see United States v. Good*, 25 F.3d 218, 222 (4th Cir. 1994), but it does require district courts to inform defendants of all potentially applicable *statutory* minimum and maximum sentences. *See id.* at 223 (explaining that Rule 11 requires the district court to "clearly advise a defendant of the statutory maximum [and] any mandatory minimum"); *United States v. Cobia*, 41 F.3d 1473, 1476 (11th Cir. 1995) (per curiam) (concluding that the district court during a Rule 11 colloquy must notify the defendant of § 924(e)'s mandatory minimum sentence). And while the district court at the time of the Rule 11 proceeding could not have been certain about whether Hairston would qualify as an armed career criminal, Rule 11 nonetheless required the court to anticipate the possibility and explain to Hairston the sentence that would be applicable if he had prior qualifying convictions.[3] *See United States v. Richardson*, 121 F.3d 1051, 1058 (7th Cir. 1997) (finding no Rule 11 error where district court informed felon-in-possession defendant that he faced a maximum sentence of ten years unless he qualified as an armed career criminal, in which case there would be a mandatory minimum sentence of fifteen years); *cf. United States v. Goins*, 51 F.3d 400, 404 (4th Cir. 1995) (rejecting government's suggestion that "enumerating all possible minimum sentences" would impose an "onerous" burden on the district court). Accordingly, we conclude that the district court violated Rule 11 by not informing Hairston before accepting his guilty plea that he could face a mandatory fifteen-year sentence on the § 922(g) charges.

---

[3]Although the presentence report eventually informed the parties of the mandatory minimum sentence, Rule 11 violations cannot be cured by a PSR prepared after a guilty plea was accepted. *See United States v. Goins*, 51 F.3d 400, 404 (4th Cir. 1995).

B.

The mere existence of a Rule 11 error is not enough to warrant reversal, as the rule itself instructs us to disregard "harmless" errors — errors that do not "affect substantial rights." Fed. R. Crim. P. 11(h). Hairston preserved the Rule 11 issue by seeking to withdraw his guilty plea below, *see United States v. Martinez*, 277 F.3d 517, 524 n.8 (4th Cir. 2002), and the government therefore bears the burden of showing that the Rule 11 error was harmless. *See United States v. Olano*, 507 U.S. 725, 734 (1993); *see also United States v. Vonn*, 535 U.S. 55, 58, 63 (2002).

When determining whether a Rule 11 error affected a defendant's substantial rights, we consider what information was provided to the defendant when he pleaded guilty, what additional information would have been provided by a proper Rule 11 colloquy, and how the additional information would have affected the decision to plead guilty. *See United States v. Thorne*, 153 F.3d 130, 133 (4th Cir. 1998); *Goins*, 51 F.3d at 402. The overarching inquiry is whether there is a reasonable probability that the defendant would not have pleaded guilty had there been no Rule 11 error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) ("We hold . . . that a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."); *Thorne*, 153 F.3d at 133 ("If a review of the record indicates that the oversight influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility, then substantial rights were violated." (internal quotation marks omitted)).

The clarity of the record below makes our resolution of the harmlessness inquiry straightforward. Hairston pleaded guilty to multiple § 922(g) counts for which the Guidelines sentencing range was 168 to 210 months. Hairston also pleaded guilty to two § 924(c) counts carrying statutorily mandated minimum sentences of five years and twenty-five years, sentences that by statute must run consecutively to each other *and* to any other sentence imposed. Because the Sentencing Guidelines are no longer mandatory, the district court was not required to follow them with regard to the § 922(g) counts. Moreover,

the government in the plea agreement had agreed to consider filing a substantial-assistance motion on Hairston's behalf. Thus, when Hairston pleaded guilty it was at least possible (if unlikely) that the district court would decline to impose a prison term for the § 922(g) counts and that Hairston would be sentenced to prison for no more than the thirty years required for the § 924(c) charges.

The mandatory minimum sentence triggered by Hairston's designation as an armed career criminal, however, completely changed the sentencing calculus. Although Hairston had believed when he pleaded guilty that his best-case scenario was a thirty-year prison term, he learned at sentencing that his best-case scenario in fact was a forty-five-year prison term. The district court did not inform Hairston about the possibility that he would be sentenced as an armed career criminal, and there is nothing in the record to show that Hairston otherwise had knowledge of the armed career criminal sentence enhancement.

These facts alone are likely enough to foreclose any claim by the government that the Rule 11 error was harmless. *See Thorne*, 153 F.3d at 133; *Goins*, 51 F.3d at 402. But if there is any doubt in that regard, Hairston's statements on the record after sentencing resolve the matter. Hairston explained to the district court that he was willing to plead guilty to charges that exposed him to a minimum sentence of thirty years because he believed that he would at least have a chance of seeing his children again when he finished serving the sentence. Hairston made it abundantly clear, however, that he would not have pleaded guilty if he faced a minimum sentence of forty-five years, because he feared that he would die before completing his prison term and would not be reunited with his children. *See* J.A. 96 ("Your Honor, I would not have signed a paper for 45 years. My kids would never see me again. . . . I would never have signed for no 45 years."). Because the record establishes that Hairston would not have pleaded guilty if he had known that he faced a mandatory fifteen-year sentence on the § 922(g) charges, the Rule 11 error cannot be dismissed as harmless. *See Dominguez Benitez*, 542 U.S. at 83.

We turn now to the question of remedy. If a court determines that a non-harmless Rule 11 error occurred, the typical remedy is to vacate the conviction and guilty plea and remand, to give the defendant the

opportunity to "plead anew."[4] *Thorne*, 153 F.3d at 134; *accord Goins*, 51 F.3d at 405; *see also United States v. Tunning*, 69 F.3d 107, 115 (6th Cir. 1995) ("In a case where the error involves the defendant's state of mind, such as when the district court failed to determine that the defendant was competent and voluntarily entering a guilty plea, the appropriate remedy is to vacate the plea and remand so that the defendant can plead anew."); *United States v. Allen*, 804 F.2d 244, 248 (3d Cir. 1986) (explaining that if the Rule 11 error relates to the district court's obligation to determine the voluntariness of the plea, the defendant is entitled to plead anew). That is the relief Hairston seeks in this case. He argues that under *Goins*, we must vacate his convictions and his guilty pleas as to all counts so that he may re-evaluate his options in light of the forty-five-year minimum sentence he faces and decide whether to plead guilty or proceed to trial. The government, however, suggests that because the Rule 11 error occurred only with regard to the § 922(g) counts, we should vacate Hairston's guilty plea as to those counts only. *See United States v. Still*, 102 F.3d 118, 123 (5th Cir. 1996).

Although we do not foreclose the possibility that the government's proposed remedy might be appropriate in another case, we believe the interplay between the § 922(g) and § 924(c) charges and sentences makes the government's proposed remedy inadequate here. Because the § 924(c) charges carried with them sentences of five years and twenty-five years that by statute had to be served consecutively to each other and to any sentence imposed for the § 922(g) charges, the total length of Hairston's sentence depended on the sentence imposed on the § 922(g) charges. Hairston thus could not make an informed decision about whether to plead guilty or go to trial on the *§ 924(c)* charges without knowing the likely sentence for the *§ 922(g)* charges. *See United States v. Herndon*, 7 F.3d 55, 58 (5th Cir. 1993) (per curiam) ("[W]here the minimum mandatory sentence, of which the

---

[4]If the Rule 11 deficiency involves the district court's obligation to satisfy itself that there is a factual basis for the guilty plea, our approach is to vacate the conviction (but not the guilty plea) and remand to permit the government to establish the factual basis for the plea. *See United States v. Carr*, 271 F.3d 172, 181 (4th Cir. 2001). If the district court determines that a factual basis exists, the court may reinstate the judgment of conviction. *See id.*

defendant was not informed, constitutes a substantial portion of the actual sentence ultimately determined to be applicable under the guidelines, we think there is a significant possibility that awareness of such minimum would have affected the defendant's decision to plead guilty. . . . [A] statutory minimum necessarily colors the evaluation by a defendant and his counsel of his potential sentence, because it inherently sets a minimum below which a sentence determined by the guidelines cannot go."). Accordingly, while the Rule 11 error itself may have been limited to the district court's explanation of the § 922(g) charges, the *effect* of that error extended to Hairston's evaluation of the risks of pleading guilty to the § 924(c) charges.

Vacating the guilty pleas as to the § 922(g) charges only would correct the Rule 11 error, but it would not fully cure the prejudicial effect of the error. *Cf. Dominguez Benitez*, 542 U.S. at 81 (explaining that, except for certain structural errors, "relief for error is tied in some way to prejudicial effect"). Under the circumstances of this case, we decline to apply a remedy that leaves so much unremedied. Instead, we conclude that the proper course in this case is to vacate Hairston's guilty plea and convictions as to all counts, so that Hairston will have an opportunity to make a fully informed evaluation of "the direct attendant risks of accepting criminal responsibility." *Thorne*, 153 F.3d at 133 (internal quotation marks omitted); *see also United States v. McDonald*, 121 F.3d 7, 11 (1st Cir. 1997) ("The main thrust of [Rule 11] is to ensure that a defendant who pleads guilty does so with full comprehension of the specific attributes of the charge and the possible consequences of the plea.").

III.

Accordingly, for the foregoing reasons, we hereby vacate Hairston's guilty plea and conviction as to all counts, and we remand for further proceedings consistent with this opinion.[5]

*VACATED AND REMANDED*

---

[5]We have considered Hairston's other challenges to his conviction and sentence and find them to be without merit.