**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4102

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CLARENCE DAKIM KEBREAU,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00222-RJC-CH-l)

Submitted: October 20, 2008     Decided: November 25, 2008

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Kebreau pled guilty, without a plea agreement, to two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (2006). At Kebreau's guilty plea hearing, the court reviewed the first count of the indictment and related penalties, noting that "in certain limited instances where the Defendant has a long prior criminal record and is considered an armed career criminal, the maximum penalty for this offense could be as much as not less than 15 years, nor more than life imprisonment, a $250,000 fine or both." The court then asked both Kebreau's attorney and the government's attorney about their positions on the applicability of the armed career criminal statute. Both counsel stated that, in their opinions, it did not apply. The court then went on to review the second count of the indictment (also charging a violation of § 922(g)), but did not mention the possibility of an enhanced sentence. The court accepted Kebreau's guilty plea.

Contrary to the parties' beliefs expressed at the guilty plea hearing, the presentence report (PSR) recommended that Kebreau be sentenced as an armed career criminal based on two prior crimes of violence and one prior controlled substance offense. See 18 U.S.C. § 924(e) (2006). Kebreau wrote several letters to the district court, voicing his objection to the armed career criminal enhancement and clearly indicating that he would not have agreed to

2

plead guilty had he known he would be sentenced as an armed career criminal. Construing Kebreau's letters as both a motion to withdraw his guilty plea and objections to the PSR, the district court denied both. The court sentenced Kebreau to 180 months imprisonment. Kebreau noted a timely appeal.

Kebreau's only argument on appeal is that his plea was not knowing and voluntary because the district court failed to adequately advise him of the mandatory minimum sentence he faced. In light of our decision in United States v. Hairston, 522 F.3d 336 (4th Cir. 2008), we agree.

Rule 11 requires that, prior to accepting a guilty plea, a district court must, among other things, explain to the defendant the nature of the charge to which he is pleading guilty, the maximum penalty he faces, as well as "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(I). In Hairston, the defendant was indicted on sixty-two counts of various drug and firearms offenses. The defendant and the government entered into a plea agreement in which the government dismissed six of the charges in exchange for Hairston's guilty plea to the remaining counts. The plea agreement was silent as to the armed career criminal enhancement and no mention was made of it at the Rule 11 hearing. However, the PSR determined that Hairston should be sentenced as an armed career criminal, a "determination that greatly affected the minimum sentence Hairston faced." Id. at 338.

3

Hairston sought to withdraw his guilty plea on the grounds that, if he had known of the higher mandatory minimum sentence, he would never have agreed to plead guilty.

We held that "while the district court at the time of the Rule 11 proceeding could not have been certain about whether Hairston would qualify as an armed career criminal, Rule 11 nonetheless required the court to anticipate the possibility and explain to Hairston the sentence that would be applicable if he had prior qualifying convictions." Id. at 340. We noted that although, as in this case, the "presentence report eventually informed the parties of the mandatory minimum sentence, Rule 11 violations cannot be cured by a PSR prepared after a guilty plea was accepted." Id. at 340 n.3 (citation omitted). Because Hairston, like Kebreau, preserved the Rule 11 issue by seeking to withdraw his guilty plea, we went on to find that the government failed to meet its burden of proving that the error was harmless.

We find that the facts of this case are sufficiently similar to the facts in Hairston. Although in this case the district court at least mentioned the possibility of an enhanced sentence, Kebreau was led to reasonably believe that the enhancement would not apply to him.

Accordingly, we vacate Kebreau's conviction and guilty plea and remand to the district court to give him the opportunity to plead anew. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>
