**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4633**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KUNTA KENTA REDD,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge. (7:08-cr-00043-D-1)

Submitted:  June 8, 2010                    Decided:  June 24, 2010

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kunta Kenta Redd pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and to possess with the intent to distribute cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court calculated Redd's advisory imprisonment range under the U.S. Sentencing Guidelines Manual (2007) at 262 to 327 months and sentenced Redd to 324 months' imprisonment. On appeal, Redd's counsel has filed an Anders[*] brief stating that there are no non-frivolous issues for appeal, but questioning whether the district court abused its discretion in imposing sentence. Redd has filed a pro se supplemental brief in which he, too, challenges his sentence. The Government has moved to dismiss the appeal of Redd's sentence based on Redd's waiver of appellate rights. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151

[*] Anders v. California, 386 U.S. 738 (1967).

2

(4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Redd knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss in part and dismiss Redd's appeal of his sentence. Although Redd's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our review of Redd's conviction pursuant to Anders.

Redd moved in the district court to withdraw his guilty plea, and, by so moving, preserved the issue of the adequacy of the Fed. R. Crim. P. 11 hearing. See United States v. Hairston, 522 F.3d 336, 341 (4th Cir. 2008). Our review of the transcript of the Rule 11 hearing leads us to conclude that the district court did not commit reversible error in accepting Redd's guilty plea. Although the district court failed to ensure that Redd understood its obligation in determining a sentence to consider possible departures under the Sentencing Guidelines, as required by Fed. R. Crim. P. 11(b)(1)(M), we conclude that this error did not affect Redd's substantial rights and therefore disregard it as harmless. See Fed. R.

3

Crim. P. 11(h); Hairston, 522 F.3d at 341. The court otherwise complied with Rule 11 in accepting Redd's guilty plea, ensuring that the plea was supported by an independent factual basis and that Redd entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

With respect to the district court's denial of Redd's motion to withdraw his guilty plea, we review that decision for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). In determining whether a defendant has met his burden, six factors must be considered:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the [G]overnment; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Here, the Rule 11 proceeding was appropriately conducted, and Redd's guilty plea was knowingly and voluntarily made. We conclude that Redd did not credibly assert his legal

4

innocence and that the motion to withdraw, filed nearly a year after Redd entered his guilty plea, was untimely. It is undisputed that Redd had the close assistance of trial counsel. Finally, allowing Redd to withdraw his guilty plea would have prejudiced the Government and inconvenienced the district court. We are therefore satisfied that the district court did not abuse its discretion in denying Redd's motion to withdraw his guilty plea. Dyess, 478 F.3d at 237.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues remaining for appeal. We therefore affirm Redd's conviction. This court requires that counsel inform Redd, in writing, of the right to petition the Supreme Court of the United States for further review. If Redd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Redd. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

5