**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4650**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ERIC JEVONNE BENNETT,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (7:08-cr-00146-BR-1)

Submitted:  August 16, 2010          Decided:  August 27, 2010

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Jevonne Bennett appeals his conviction and sentence of 360 months' imprisonment imposed after he pled guilty, pursuant to a plea agreement, to one count of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that there are no meritorious issues for appeal, but questioning whether the district court made a variety of sentencing errors and erred in denying Bennett's motion to withdraw his plea. The Government has moved to dismiss Bennett's appeal in part based on a waiver of appellate rights in his plea agreement. Bennett has filed a pro se brief arguing that his indictment and plea agreement are invalid due to a typographical error in the spelling of his name.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will uphold the waiver of appellate rights if the waiver is valid and the issue on appeal is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

We grant in part the Government's motion to dismiss because several of the issues raised in Bennett's Anders brief

2

fall squarely within the compass of the waiver of appellate rights to which Bennett agreed. Bennett's plea agreement waived his right to "any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence that is in excess of the advisory Guideline range that is established at sentencing." Our review of the record leads us to conclude that the appellate waiver was knowing and voluntary. As Bennett's claims of error in sentencing are foreclosed by the express terms of the waiver, we dismiss the appeal with respect to those claims.

Turning to Bennett's Anders claims, we first review the adequacy of the Fed. R. Crim. P. 11 proceeding. Bennett's motion to withdraw his guilty plea serves to preserve the issue of the adequacy of the Fed. R. Crim. P. 11 proceeding. See United States v. Hairston, 522 F.3d 336, 341 (4th Cir. 2008). Our review of the record reveals that the court complied with the mandates of Rule 11 and ensured that Bennett's plea was knowing, voluntary, and supported by an adequate factual basis. Counsel identifies no deficiency in the Rule 11 proceeding, and we concur in that assessment.

Counsel specifically questions whether the district court erred in denying Bennett's motion to withdraw his guilty plea. This court reviews that decision for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). Withdrawal of a guilty plea is not a matter of right. United

3

States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Rather, the defendant bears the burden of showing a "fair and just reason" for withdrawing his plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). In determining whether a defendant has met his burden, courts consider six factors. Ubakanma, 215 F.3d at 424. An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394.

Bennett has neither made a credible showing that his plea was not knowing or voluntary, nor credibly asserted his innocence. Further, he did not move to withdraw his plea until months after he entered the plea, he had close assistance of counsel, and withdrawal of his plea would cause significant waste of resources. Under these circumstances, we conclude that the district court did not abuse its discretion in denying Bennett's motion.

Finally, Bennett argues that due to a typographical error in the indictment and the plea agreement, the charges against him should be dismissed. He does not argue that he was not on notice as to the charges against him, nor does he claim

4

that the error resulted in a case of mistaken identity.  We find his claim of error without merit.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are not encompassed by the waiver of appellate rights.  We therefore affirm Bennett's conviction and dismiss the appeal to the extent Bennett seeks to challenge his sentence.  This court requires that counsel inform Bennett, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bennett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bennett.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>