**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4291**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN CALVIN BROWN, III,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00388-JAB-1)

Submitted: April 21, 2011          Decided: May 4, 2011

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, LAW OFFICES OF JENIFER WICKS, Washington, D.C., for Appellant. John W. Stone, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Calvin Brown, III, pled guilty to possession with intent to distribute seventy-nine grams of crack cocaine, 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A) (2006). He appeals, claiming, first, that his guilty plea was invalid because the district court failed to adequately review the elements of the offense and that the factual basis was insufficient to support the § 924(c) conviction. Second, Brown asserts that the Government engaged in prosecutorial misconduct. Finding no error, we affirm.

We have reviewed the record, including the transcript of Brown's Fed. R. Crim. P. 11 hearing, and find that there were no errors with respect to the Rule 11 plea colloquy that affected Brown's substantial rights. See United States v. Hairston, 522 F.3d 336, 341 (4th Cir. 2008). During the plea hearing, the district court informed Brown of the nature of the charges, the maximum penalties he faced, and all of the rights he was giving up by pleading guilty, and found that Brown was competent and entering his plea voluntarily. The record discloses that Brown was adequately advised of the elements of each of the offenses that the Government would have to prove if he were to go to trial. We also find the evidence presented in the factual basis to be sufficient to support Brown's conviction

2

under § 924(c)(1)(A). See <u>United States v. Perry</u>, 560 F.3d 246, 254 (4th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 177 (2009).

Second, Brown claims that the Government engaged in prosecutorial misconduct because the prosecuting attorney was not licensed. We find that Brown has failed to establish a violation of his constitutional right to due process of law or prejudice warranting reversal of the district court's judgment arising from the fact that the Government's attorney had had his license to practice law suspended.

Accordingly, we affirm Brown's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>