**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4933**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

ANTHONY GENE TRAPPIER,

             Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:09-cr-00340-TLW-1)

Submitted:  July 18, 2011          Decided:  September 28, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, Jimmie Ewing, A. Bradley Parham, Assistant United
States Attorneys, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gene Trappier appeals his convictions and 322-month sentence after he entered a conditional guilty plea to one count each of possession with intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 2000 & Supp. 2011). Trappier asserts that the judgment should be vacated because: (1) his guilty plea was unknowing and failed to comply with Fed. R. Crim. P. 11 because he was unaware that he qualified as a career offender; and (2) the district court erred when it denied his suppression motion. Trappier has also filed a motion to file a pro se supplemental brief with this Court. We deny Trappier's motion and affirm.

We conclude that the district court did not err when it denied Trappier's suppression motion. In reviewing the district court's denial of Trappier's motion, we review the district court's factual determinations for clear error and any legal determinations de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). Because the district court denied Trappier's motion, we construe the evidence "in the light most favorable to the government." Id.

The Fourth Amendment guarantees "the right of the people to be secure . . . against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. This guarantee requires that arrests and "searches be conducted pursuant to a warrant issued by an independent judicial officer." California v. Carney, 471 U.S. 386, 390 (1985). There are "a few specifically established and well-delineated exceptions[,]" however. California v. Acevedo, 500 U.S. 565, 580 (1991) (internal quotation marks omitted).

For instance, an officer can make a warrantless arrest if he has probable cause to believe that the person has committed, or is committing, a felony in his presence. See United States v. Watson, 423 U.S. 411, 418 (1976). Assuming a warrantless arrest is lawful, police may conduct a full search of an arrestee's person and personal items in his possession and control. See United States v. Robinson, 414 U.S. 218, 235 (1973) (holding that a search incident to arrest requires no additional justification).

Probable cause "to justify an arrest [without a warrant] means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S.

3

31, 37 (1979). Moreover, whether police had probable cause is determined by the "totality of the circumstances." Maryland v. Pringle, 540 U.S. 366, 371 (2003).

"The substance of all the definitions of probable cause is a reasonable ground for belief of guilt . . . and that the belief of guilt must be particularized with respect to the person to be searched or seized[.]" Id. (internal quotation marks and citations omitted). Moreover, officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." United States v. Johnson, 599 F.3d 339, 343 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 131 S. Ct. 358 (2010).

Trappier asserts that the district court erred when it denied his suppression motion because: (1) police lacked probable cause to conduct a warrantless arrest and search of his person on October 8, 2008; and (2) an October 16, 2008 traffic stop of the vehicle he was driving was unconstitutional because it was initiated based on an anonymous and uncorroborated tip. We have reviewed the transcript of Trappier's suppression hearing and conclude that the totality of the facts and circumstances known by the agents on October 8, 2008, provided a reasonable basis for their belief that Trappier was in

4

possession of illegal narcotics; accordingly, Trappier's warrantless arrest on that date passes muster under the Fourth Amendment. Similarly, we conclude that given the agents' knowledge that Trappier's driver's license was suspended, the agents had probable cause to effect the traffic stop that resulted in the discovery and seizure of additional narcotics on October 16, 2008. Accordingly, we discern no error in the district court's decision to deny Trappier's suppression motion.

We also reject Trappier's assertion that although he was informed of the statutory mandatory minimum and maximum sentences he faced during his Rule 11 hearing, his plea was unknowing and involuntary because the district court did not inform him he might qualify as a career offender. Although Rule 11 requires a district court to notify a defendant during the plea colloquy "of all potentially applicable statutory minimum and maximum sentences[,]" it "does not require courts to inform defendants of the applicable Guidelines sentencing ranges[.]" United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008).

The district court informed Trappier that the drug charge to which he was pleading guilty required a statutory mandatory minimum sentence of ten years and carried a maximum of life in prison, and that the weapons charge required a minimum sentence of five years and carried a maximum of life in prison, and that the sentence on the weapons charge had to run

5

consecutively to any sentence imposed on the drug charge. Trappier indicated that he understood. Accordingly, the district court complied with Rule 11 and nothing more was required.

Based on the foregoing, we affirm the judgment. We also deny Trappier's motion to file a pro se supplemental brief.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

---

[*] Trappier's ineffective assistance claim raised in his pro se brief is not addressed because counsel's alleged ineffectiveness does not conclusively appear on the record. See United States v. Baldovinos, 434 F.3d 223, 239 (4th Cir. 2006) (reiterating that this Court will only address an ineffective assistance of counsel claim on direct appeal "if the lawyer's ineffectiveness conclusively appears from the record").