**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4917**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DARREN NELSON HARRISON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00034-RJC-1)

_____

Submitted: August 29, 2014      Decided: September 8, 2014

_____

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Hannah Valdez Garst, LAW OFFICES OF HANNAH GARST, Chicago, Illinois, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Nelson Harrison appeals his conviction and ninety-month prison sentence after pleading guilty to using, carrying, and possessing firearms during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). In the plea agreement, the parties agreed that the Government would recommend a prison sentence of sixty months. Harrison's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issues of whether the district court committed plain error in accepting Harrison's guilty plea, and whether the district court abused its discretion in sentencing him above the recommended sentence. Harrison has filed a pro se supplemental brief arguing that his guilty plea was not knowing and voluntary, and the district court committed plain error in accepting the plea. We affirm.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S.

2

238, 243 n.5 (1969). It "require[s] a district court, before accepting a guilty plea, to 'personally inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea.'" United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008) (quoting United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999)).

We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); see also United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996) (noting this "Court has repeatedly refused to script the Rule 11 colloquy, relying rather on the experience and wisdom of the district judges below"). A guilty plea may be knowingly and intelligently made based on information received before the plea hearing. See DeFusco, 949 F.2d at 116; see also Bradshaw, 545 U.S. at 183 (trial court may rely on counsel's assurance that defendant was properly informed of elements of the crime).

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that

3

affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

Because Harrison's Rule 11 claim is raised for the first time on appeal, we review for plain error. See United States v. Vonn, 535 U.S. 55, 71 (2002); United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). It is thus Harrison's burden to show (1) error; (2) that was plain; (3) affecting his substantial rights; and (4) that this Court should exercise its discretion to notice the error. See Martinez, 277 F.3d at 529, 532. To show that his substantial rights were affected, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We have reviewed the record and conclude that Harrison fails to make this showing. On appeal, he contends that he did not knowingly and voluntarily enter his plea, and the district court committed plain error in accepting it, because he did not understand that the court could sentence him higher than the recommended sentence. However, the record makes clear that he was properly informed at the Rule 11 hearing that the district court could sentence him up to the statutory maximum of life in prison, and that if the court did not accept the Government's recommendation, he would still be bound by the plea and have no right to withdraw it. Harrison also contends that the district

4

court erred in accepting his plea because the Government could not legally charge him with an offense under 18 U.S.C. § 924(c) without also charging him with the predicate offense. We find this argument without merit. See United States v. Hopkins, 310 F.3d 145, 152-53 (4th Cir. 2002). Harrison was properly charged with possessing firearms in furtherance of a drug trafficking crime, that is, possession with intent to distribute cocaine base, and the district court did not err in concluding that there was an independent factual basis to support the plea.

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). First, we consider whether the district court committed any significant procedural error, such as improperly calculating the Guidelines range, failing to consider the sentencing factors under 18 U.S.C. § 3553(a) (2012), or failing to adequately explain the sentence. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider its substantive reasonableness, taking into account the totality of the circumstances and giving due deference to the district court's decision. Gall, 552 U.S. at 51. "[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a

5

sentence imposed within the applicable guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir. 2012) (citation and internal quotations omitted).

In sentencing, the district court must first correctly calculate the defendant's sentencing range under the Sentencing Guidelines. Allmendinger, 706 F.3d at 340. The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012). Id. When rendering a sentence, the court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009). In explaining the sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Harrison's sentence is both procedurally and substantively reasonable, and the district court did not abuse its discretion

in sentencing him. The district court properly calculated his sentence under the advisory Guidelines and reasonably determined a sentence above the Guidelines and the parties' recommendation was appropriate based on the court's thorough, individualized assessment of Harrison's case and the § 3553(a) factors.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>