**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4686**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

THOMAS MARSHALL BYRD,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:11-cr-00203-WO-1)

Submitted:  August 29, 2014        Decided:  September 9, 2014

Before NIEMEYER and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Ferris R. Bond, BOND & NORMAN, Washington, D.C., for Appellant. Ripley Rand, United States Attorney, Randall Galyon, Assistant United States Attorney, Rebecca Fitzpatrick, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Marshall Byrd pled guilty pursuant to a written plea agreement to conspiracy to distribute cocaine base, 21 U.S.C. § 846 (2012) (object one of Count One), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2012) (Count Five). He was initially sentenced to 322 months' imprisonment, which included a five-year consecutive mandatory sentence on the firearm conviction. On appeal, this court granted the parties' joint motion to remand in light of Dorsey v. United States, 132 S. Ct. 2321, 2328-29 (2012) (holding that a defendant sentenced after the effective date of the Fair Sentencing Act ("FSA") for an offense committed before the FSA's effective date should be sentenced pursuant to the FSA).

At resentencing, Byrd challenged the use of two of his convictions as predicate offenses for the career offender enhancement; the use of a revised drug quantity stipulation;[1] and

---

[1] In his plea agreement, Byrd stipulated to five kilograms or more of cocaine base as it pertained to object one of Count One. At the Fed. R. Crim. P. 11 hearing, the district court asked Byrd—and Byrd confirmed—that the substance involved in object one of Count One was in fact five kilograms of cocaine base. In the PSR, however, the probation officer corrected the stipulated drug quantity to 280 grams of crack cocaine, explaining that "the government has indicated that the 5 kilogram amount was a mistake and that 280 grams of cocaine base is the correct amount." Thereafter, at sentencing, the district court ensured that Byrd understood the ramifications of pleading (Continued)

the validity of his guilty plea on Count Five. The court denied the objections to the PSR, and after construing Byrd's challenge to his guilty plea on Count Five as a motion to withdraw his guilty plea, denied the motion. The court imposed a downward variance sentence of 180 months on Count One and a sixty-month consecutive term on Count Five for a total of 240 months' imprisonment.

On appeal, Byrd asserts that the district court abused its discretion by denying his motion to withdraw his guilty plea as to Count Five on the grounds that (1) the court did not inquire as to whether he understood that he could be deemed a career offender leading to a more severe Guidelines range; (2) his plea was not entered knowingly and voluntarily because he mistakenly stipulated to having distributed five kilograms of cocaine base; and (3) he reasonably believed the Government had agreed not to use his conviction when he was seventeen years old to designate him a career offender and enhance his sentence. Second, he disputes his career offender designation. Third, he challenges the substantive reasonableness of his sentence. Last, he requests he be relieved of the appellate waiver in his plea agreement because his "unreasonable sentence resulted in a

---

to the revised amount. Byrd stated he wished to plead guilty to the lower, more favorable, quantity.

miscarriage of justice." We affirm in part, and because we will enforce the appeal waiver as to Byrd's sentence, dismiss in part.

This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea[.]" Id. at 383-84 (internal quotation marks omitted). Instead, the defendant bears the burden of "show[ing] a fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); Nicholson, 676 F.3d at 383.

This court has outlined six factors that the district court should evaluate to determine whether a defendant is entitled to withdraw his guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). While all the factors noted in Moore should be considered, the key factor to determining whether a motion to withdraw should be

granted is whether the Rule 11 hearing was properly conducted. Nicholson, 676 F.3d at 384.

As noted by the Government on appeal, Byrd rests on only one Moore factor, i.e., that his plea was not knowing and voluntary.[2] Byrd claims that, because he was never informed by the court during his plea hearing that he may qualify as a career offender and therefore face a lengthier sentence, his plea was not knowing and voluntary. Although, admittedly, Rule 11 requires a district court to notify a defendant during the plea colloquy of all potentially applicable statutory minimum and maximum sentences, it "does not require courts to inform defendants of the applicable Guidelines sentencing ranges[.]" United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008).

Next, Byrd argues his plea was not knowing and voluntary because the plea agreement and plea colloquy referred to an incorrect stipulated drug quantity as to Count One. Byrd argues that the stipulation as to drug quantity on Count One affected the involuntariness of his conviction on Count Five regarding the firearm. He asserts that such confusion is

---

[2] Although Byrd agreed to waive his right to appeal his convictions in his plea agreement, a defendant's waiver of appellate rights cannot foreclose a colorable constitutional challenge to the voluntariness of the guilty plea. See, e.g., United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994).

5

evidence that his plea was not knowing and voluntary. The district court discussed at length the ramifications of altering the stipulated amount and ensured that Byrd understood the change-a change that was of great advantage to Byrd-and that the revised stipulation was knowing and voluntary. We therefore reject this argument.

Last, Byrd argues his plea was not knowing and voluntary because he reasonably believed the Government's promise not to file an Information of Prior Conviction meant that the conviction would not be used to designate him a career offender. In light of Byrd's statements under oath, which are entitled to "a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977), Byrd's misapprehension is belied by the record. Byrd stated during the Rule 11 hearing that he understood that his Guidelines range would be calculated after the preparation of the presentence report. We conclude the district court did not abuse its discretion in determining that Byrd failed to establish a "fair and just reason" to support his request to withdraw his guilty plea.

Byrd's challenges to his sentence are foreclosed by his appeal waiver. In his plea agreement, Byrd agreed to waive his right to appeal "whatever sentence is imposed on any ground." We review the validity of an appellate waiver de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert.

6

denied, 134 S. Ct. 126 (2013). Where the Government seeks to enforce an appeal waiver, this court will enforce the waiver if it was knowing and intelligent and the issues raised on appeal fall within its scope. United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (stating that, in determining whether appeal waiver is knowing and intelligent, court examines "totality of the circumstances"). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy and a review of the record reveals that the defendant understood the full import of the waiver, the waiver is both valid and enforceable. Copeland, 707 F.3d at 528.

Based on the totality of the circumstances, we conclude that Byrd knowingly and voluntarily waived his right to appeal his sentence on the grounds raised on appeal and, at the Government's urging, we will enforce the waiver. Thus, we dismiss the appeal from that part of the judgment imposing sentence.

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART