**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4387**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIET VO, a/k/a Tony,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:17-cr-00321-FL-2)

Submitted: March 28, 2019                                      Decided: April 8, 2019

Before MOTZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kiet Vo appeals his conviction and 18-month sentence imposed by the district court following his guilty plea to conspiracy to conduct an illegal gambling business, in violation of 18 U.S.C. §§ 371, 1955 (2012). On appeal, Vo argues that his guilty plea is invalid and that the Government breached the plea agreement. For the reasons that follow, we affirm.

Before accepting a guilty plea, the trial court "must . . . determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). A guilty plea is voluntary if the defendant was "'fully aware of the direct consequences'" and the plea was not "'induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" *United States v. Fisher*, 711 F.3d 460, 464-65 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). We review Fed. R. Crim. P. 11 errors for harmlessness and "will only vacate a sentence if the trial court's violations of Rule 11 affect the defendant's substantial rights." *United States v. Lewis*, 633 F.3d 262, 267 (4th Cir. 2011) (internal quotation marks omitted); *see* Fed. R. Crim. P. 11(h).

When asked at the Rule 11 hearing whether he had any agreements with the Government other than the plea agreement, Vo told the magistrate judge that the Government had promised to return a vehicle that law enforcement had seized prior to his indictment. The magistrate judge clarified that he was inquiring about any other

2

agreement relating to his plea, and Vo responded negatively. At sentencing, Vo informed the district court that, at the time he signed his plea agreement, he was promised the return of his vehicle. However, counsel for both sides explained that Vo had already forfeited the vehicle by failing to file a claim after receiving proper notice. Following this discussion, Vo confirmed that he wanted to proceed with sentencing.

Even assuming, as Vo asserts, that the magistrate judge's failure to further probe this issue at the Rule 11 hearing constituted error, we conclude that the error is harmless. Vo twice stated that the Government made no promises outside the plea agreement, and he never attempted to withdraw his guilty plea. Moreover, even after learning that he would not recover his vehicle, Vo indicated his desire to continue the proceedings. Thus, we discern no "reasonable probability" that, absent the assumed Rule 11 error, "[Vo] would not have pleaded guilty." *United States v. Hairston*, 522 F.3d 336, 341 (4th Cir. 2008) (providing harmlessness standard).

Next, Vo disputes the sufficiency of the factual basis supporting his guilty plea. "Before entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The district court possesses wide discretion in finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1572 (2018). In addition, "the district court may conclude that a factual basis exists from anything that appears on the

3

record." *United States v. Ketchum*, 550 F.3d 363, 366-67 (4th Cir. 2008) (internal quotation marks omitted).

Contrary to Vo's argument, we conclude that the record provided a sufficient basis from which to conclude that the video poker machines Vo conspired to operate were illegal under state law, as required by 18 U.S.C. § 1955(a), (b)(1)(i). *See* N.C. Gen. Stat. § 14-306.1A(a), (b)(1) (2017). We further reject Vo's claim that the Government was required to proffer evidence that his conduct fell within the federal definition of gambling provided in 18 U.S.C. § 1955(b)(4). *See United States v. DiCristina*, 726 F.3d 92, 101-02 (2d Cir. 2013).

Finally, Vo contends that the Government violated the plea agreement by not advising the district court of the extent of his cooperation. Because he raises this claim for the first time on appeal, we review only for plain error. *United States v. Edgell*, 914 F.3d 281, 286 (4th Cir. 2019). "Under that standard, [Vo] must show that the [G]overnment plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87. Based on our review of the record, we conclude that Vo has failed to meet this exacting standard.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4