**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CURTIS LAKOY EDMONDS, a/k/a
Rude Boy,

*Defendant-Appellant.*

No. 10-4895

On Remand from the Supreme Court of the United States.
(S. Ct. No. 12-5713)

Decided on Remand: November 19, 2012

Before NIEMEYER and KEENAN, Circuit Judges, and
J. Michelle CHILDS, United States District Judge
for the District of South Carolina,
sitting by designation.

Published opinion on remand from the Supreme Court. Judge
Niemeyer wrote the opinion, in which Judge Keenan and
Judge Childs joined.

**COUNSEL**

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PAT-RICK, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Felice McConnell Corpening, Yvonne Victoria Watford-McKinney, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

**OPINION**

NIEMEYER, Circuit Judge:

A jury convicted Curtis Edmonds on one count of conspiracy to distribute and to possess with intent to distribute more than 50 grams of crack cocaine during the period from January 2007 to June 2008, in violation of 21 U.S.C. §§ 841(a)(1), 846, and on three counts of distributing more than 5 grams of crack cocaine on each of three occasions during February 2008, in violation of 21 U.S.C. § 841(a)(1). On August 3, 2010, the district court sentenced Edmonds to life imprisonment for the conspiracy conviction, concluding that it was mandated by 21 U.S.C. § 841(b)(1)(A), and to a term of 360 months' imprisonment for each of the distribution counts, with all sentences to be served concurrently. Edmonds filed a timely appeal.

In *United States v. Edmonds*, 679 F.3d 169 (4th Cir. 2012), we affirmed the judgment of the district court and held (1) that the evidence was sufficient to support Edmonds' participation in the drug trafficking conspiracy, as alleged; (2) that, in sentencing Edmonds to 360 months' imprisonment on each of the three distribution counts, the district court properly considered and applied the sentencing factors in 18 U.S.C. § 3553(a); and (3) that Edmonds' two prior state convictions

for drug offenses qualified as predicate felony drug offenses under 21 U.S.C. § 841(b)(1)(A) and therefore his sentence on the conspiracy count was properly enhanced to a mandatory life sentence, as provided by § 841(b)(1)(A).

Some six weeks after we handed down our decision, the Supreme Court handed down its decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), holding that the lower mandatory minimum sentences introduced into 21 U.S.C. § 841(b)(1) by the Fair Sentencing Act of 2010 applied to offenders who committed a § 841(a) offense *before* the effective date of the Fair Sentencing Act, August 3, 2010, so long as they were sentenced *after* the effective date. Prior to August 3, 2010, § 841(b)(1)(A) provided that a violation of § 841(a) involving *50 grams or more* of a mixture containing cocaine base committed by a person with two or more prior convictions for felony drug offenses was subject to a mandatory term of life imprisonment. The Fair Sentencing Act mitigated that provision by increasing the amount of crack cocaine needed to trigger the mandatory minimum from 50 grams to 280 grams. Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372 (2010).

Because Edmonds was sentenced on August 3, 2010, the effective date of the Fair Sentencing Act, he was, as decided by *Dorsey*, entitled to its benefits. Accordingly, the Supreme Court vacated our decision in this case and remanded it to us for further consideration in light of its decision in *Dorsey*. *See Edmonds v. United States*, No. 12-5713, 2012 WL 3282586, at *1 (U.S. Oct. 1, 2012).

Having now considered further our earlier decision in this case, we conclude that *Dorsey* does not implicate the matters that we had actually decided. Accordingly, we reissue our earlier opinion in this case insofar as we (1) stated the facts; (2) concluded that the evidence was sufficient to support Edmonds' participation in the drug trafficking conspiracy, as alleged; (3) concluded that the district court, in sentencing

Edmonds to 360 months' imprisonment on each of the three distribution counts, properly considered and applied the sentencing factors in § 3553(a); and (4) concluded that Edmonds' prior North Carolina convictions for felony drug offenses qualified as predicate offenses under 21 U.S.C. § 841(b)(1)(A). *See Edmonds*, 679 F.3d 169. Thus, we affirm Edmonds' convictions, as well as the district court's rulings made as part of its sentencing. But because the Fair Sentencing Act is applicable and has not been addressed, we vacate Edmonds' sentence and remand this case to the district court for resentencing, which must include consideration of the provisions of the Fair Sentencing Act and which may include reconsideration of the court's earlier sentencing rulings.

*It is so ordered.*