**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4411**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ERASMO ALVARADO-IBARRA, a/k/a Chiquilin,

Defendant – Appellant,

and

HECTOR HERNANDEZ-FERNANDEZ,

Material Witness.

**No. 12-4413**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SILVESTRE CASTRO-SANDOVAL, a/k/a Silver,

Defendant – Appellant,

and

HECTOR HERNANDEZ-FERNANDEZ,

Material Witness.

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE ZUNIGA-RUIZ, a/k/a Tio Tony,

Defendant – Appellant,

and

HECTOR HERNANDEZ-FERNANDEZ,

Party Below.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:11-cr-00281-JCC-4; 1:11-cr-00281-JCC-6; 1:11-cr-00281-JCC-8)

Submitted: February 20, 2013          Decided: April 4, 2013

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harry A. Dennis, III, DENNIS & STEWART, PLLC, Arlington, Virginia; Kimberly J. Phillips, GARRETSON PHILLIPS, PC, Fairfax, Virginia; John A. Keats, Fairfax, Virginia, for Appellants. Neil H. MacBride, United States Attorney, Shane N. Cralle, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erasmo Alvarado-Ibarra, Silvestre Castro-Sandoval, and Jose Zuniga-Ruiz (collectively, "Defendants") were charged with conspiracy to distribute five kilograms or more of a mixture containing a detectible amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. At a consolidated jury trial, all three Defendants were convicted. The district court sentenced Alvarado-Ibarra to 120 months' imprisonment for conspiring to distribute 5 kilograms or more of cocaine base. The district court also sentenced Castro-Sandoval and Zuniga-Ruiz to 63 months' and 70 months' imprisonment, respectively, for conspiring to distribute more than 500 grams but less than 5 kilograms of cocaine. Defendants appealed, arguing that the district court erred in denying their motions for judgment of acquittal, pursuant to Fed. R. Crim. P. 29, challenging the sufficiency of the evidence. Finding no error, we affirm.

We review the district court's denial of a motion for judgment of acquittal de novo, viewing the evidence and drawing all reasonable inferences in favor of the government. United States v. Penniegraft, 641 F.3d 566, 571-72 (4th Cir. 2011), cert. denied, 132 S. Ct. 564 (2011). Where the motion alleges insufficient evidence, we will affirm if the conviction is supported by "substantial evidence in the record," where "[s]ubstantial evidence is evidence that a reasonable finder of

3

fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (internal quotation marks omitted). We will not make credibility determinations, instead assuming that the jury resolved conflicting evidence in the government's favor. Penniegraft, 641 F.3d at 572. A defendant challenging the sufficiency of the evidence "bears a heavy burden," as reversal is limited to "cases where the prosecution's failure is clear." United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007) (internal quotation marks omitted).

To establish each Defendant's guilt of the drug conspiracy charge, the Government was required to prove beyond a reasonable doubt "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Kellam, 568 F.3d 125, 139 (4th Cir. 2009) (internal quotation marks omitted). The government may rely on circumstantial evidence and "need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). "Once the Government proves a conspiracy, the evidence

need only establish a slight connection between a defendant and the conspiracy to support conviction." Green, 599 F.3d at 367.

A mere buy-sell transaction is insufficient to prove a drug conspiracy. United States v. Edmonds, 679 F.3d 169, 174 (4th Cir. 2012), vacated and remanded on other grounds, 133 S. Ct. 376 (2012), reissued in part, 700 F.3d 146, 147 (4th Cir. 2012); United States v. Hackley, 662 F.3d 671, 679 (4th Cir. 2011), cert. denied, 132 S. Ct. 1936, 132 S. Ct. 2703 (2012). However, any agreement beyond the buy-sell transaction-- including "an agreement that the buyer will resell the cocaine in the marketplace"--will support the existence of a conspiracy between the parties. Edmonds, 679 F.3d at 174.

We previously have recognized that a buy-sell transaction involving a substantial quantity of drugs or money supports a jury's inference that the parties to the transaction implicitly agreed to distribute together. See United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008). "[E]vidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). Additionally, "the 'fronting' of drugs indicates conspiracy to engage in drug trafficking beyond the immediate distribution transaction, as the consignment implies a credit agreement that looks to further

5

transactions to secure income to complete the original transaction." Edmonds, 679 F.3d at 174.

Alvarado-Ibarra argues that his conviction was supported by the testimony of several alleged coconspirators, which he claims was not worthy of belief. However, "[t]he settled law of this circuit recognizes that the testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction." United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993). To the extent Alvarado-Ibarra challenges the jury's credibility determinations, we will not review such determinations in considering the sufficiency of the evidence. See Penniegraft, 641 F.3d at 572. Although he also challenges two pieces of evidence--a Facebook profile and a controlled purchase--we conclude, viewing the remaining evidence in the light most favorable to the Government, that ample evidence existed to support Alvarado-Ibarra's conviction regardless of the contested evidence. See Kellam, 568 F.3d at 139.

Castro-Sandoval argues that the Government's evidence of his involvement in a single transaction was insufficient to demonstrate his knowing participation in the conspiracy and, in fact, revealed that he was never permitted to join the conspiracy. We disagree. A single drug transaction may establish participation in a larger drug conspiracy "if there is

6

independent evidence that the defendant had some knowledge of the broader conspiracy, or the single act itself is one from which such knowledge may be inferred." United States v. Richards, 737 F.2d 1307, 1309 (4th Cir. 1984) (internal quotation marks and alterations omitted). Viewing the evidence surrounding this transaction in the light most favorable to the Government, we conclude the evidence was sufficient to demonstrate Castro-Sandoval's knowing and voluntary participation in the overarching conspiracy. See Edmonds, 679 F.3d at 174; Yearwood, 518 F.3d at 226.

Zuniga-Ruiz argues that the evidence at trial demonstrated only that he was an end-user of cocaine, not a participant in the conspiracy. However, viewing this evidence in the light most favorable to the Government, we conclude the jury could reasonably infer that Zuniga-Ruiz knowingly and voluntarily purchased cocaine from the conspiracy with the intent to redistribute it. See Edmonds, 679 F.3d at 174; Reid, 523 F.3d at 317; Yearwood, 518 F.3d at 226.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED