**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4110**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CURTIS LAKOY EDMONDS, a/k/a Rude Boy,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:08-cr-00368-F-1)

Submitted:  February 11, 2014     Decided:  February 21, 2014

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Edmonds was convicted by a jury of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012), and three counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012), and 18 U.S.C. § 2 (2012).  Edmonds was initially sentenced to life imprisonment on the conspiracy count and concurrent 360-month sentences on the distribution counts.  We affirmed.  See United States v. Edmonds, 679 F.3d 169, 175-77 (4th Cir. 2012) (Edmonds I).  The Supreme Court subsequently vacated our opinion in Edmonds I and remanded for consideration in light of Dorsey v. United States, 132 S. Ct. 2321 (2012).  See Edmonds v. United States, 133 S. Ct. 376 (2012).  Our reissued opinion concluded that Dorsey did not affect our holding except as to the mandatory life sentence that Edmonds faced on the conspiracy charge; we therefore vacated the sentence and remanded for consideration of the Fair Sentencing Act.  United States v. Edmonds, 700 F.3d 146, 147-48 (4th Cir. 2012) (Edmonds II).  The district court resentenced Edmonds in accordance with our

mandate, and Edmonds now appeals, challenging the substantive reasonableness of his 360-month sentence.*

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we first examine the sentence for significant procedural error. If there is none, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within or below the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 772 F.3d 583, 590 (4th Cir. 2013).

After a thorough review of the appellate record, we conclude that Edmonds' sentence is entitled to the presumption of reasonableness that attaches to a within-Guidelines sentence. Edmonds' sentence was driven by his career offender status, and, in sentencing Edmonds, the district court placed particular emphasis on his long criminal history, noting that leniency in the state court had been rewarded with further law-breaking, which the court concluded required a lengthier sentence to deter Edmonds and protect the public from his conduct. Therefore,

---

* We note that the mandate rule forecloses reconsideration of the 360-month concurrent sentences imposed on the distribution counts. See United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2013) (discussing mandate rule).

because the district court adequately explained the reasons for its within-Guidelines sentence in terms of the factors in 18 U.S.C. § 3553(a) (2012), we conclude that its sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4