**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4548**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ALDO ENAMORADO-RAMIREZ,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:09-cr-00064-GRA-1)

_____

Submitted:  March 23, 2011          Decided:  April 11, 2011

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William N. Nettles, United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aldo Enamorado-Ramirez appeals his conviction, pursuant to a guilty plea, for possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Enamorado-Ramirez, a Spanish-speaking defendant who used a translator during court proceedings, argues that the district court violated his rights by relying on written documents and representations of counsel rather than addressing him directly during the Fed. R. Crim. P. 11 hearing. Because his substantial rights were not thereby affected, we affirm.

Enamorado-Ramirez did not move in the district court to withdraw his guilty plea. Thus, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [he] must show that an error occurred, that the error was plain, and the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even when a defendant meets these three criteria, we "may exercise [our] discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (quoting United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009)).

Here, Enamorado-Ramirez complains that, rather than addressing him personally, the district court relied on the contents of a completed "Petition to Enter a Plea of Guilty," along with the representations of defense counsel, to establish that his plea was knowing and voluntary. The record reveals that Enamorado-Ramirez communicated with the district court through an interpreter and that he assured the court that he understood the nature of the proceedings, the rights he waived and the penalties he faced, and was satisfied with his attorney's performance. See United States v. Cotal-Crespo, 47 F.3d 1,8 (1st Cir. 1995) (holding that district court's use of written document, in conjunction with colloquy with defendant, satisfied Rule 11). Enamorado-Ramirez had ample opportunity to alert the district court to any misunderstanding of or disagreement with the terms of his plea but did not do so. Moreover, he admitted that the facts proffered by the Government supported his guilty plea. Enamorado-Ramirez has failed to demonstrate a reasonable probability that he would have insisted upon a trial if the district court itself had summarized the Petition. See United States v. Hairston, 522 F.3d 336, 341 (4th Cir. 2008) (discussing factors courts consider in determining whether defendant's substantial rights were affected). Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED