**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4869**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KELVIN JAMILLE REEVES, a/k/a Knowledge,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:11-cr-02026-GRA-9)

———————————

Submitted:  June 19, 2013               Decided:  July 18, 2013

———————————

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Richard W. Vieth, Spartanburg, South Carolina, for Appellant. William N. Nettles, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Jamille Reeves appeals his conviction and 121-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and distribute 280 grams or more of crack, in violation of 21 U.S.C. § 846 (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court committed sentencing error. Reeves was notified of his right to file a pro se supplemental brief but has not done so. Following a review of the record, we directed the parties to submit supplemental briefs addressing whether the district court committed plain error by concluding that Reeves' plea was supported by an independent factual basis. Finding no reversible error, we affirm.

Because Reeves did not seek to withdraw his plea in the district court or timely object to any alleged violation of Fed. R. Crim. P. 11, we review his plea colloquy for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Reeves must show that (1) the district court erred, (2) the error was plain, and (3) the error affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, an error affects a defendant's substantial rights if he demonstrates a

2

reasonable probability that he would not have pled guilty but for the error. Massenburg, 564 F.3d at 343. Even if these requirements are met, we will correct such error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotation marks and alteration omitted).

When accepting a guilty plea, the district court must find that the plea is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(3). The court possesses wide discretion in determining the factual basis and may rely on anything appearing in the record. United States v. Ketchum, 550 F.3d 363, 366-67 (4th Cir. 2008). The court need only be "subjectively satisfied" that the factual basis is sufficient to establish each element of the offense. Id. at 366. In reaching this determination, the court is not required to find that a jury would convict the defendant, "or even that the defendant is guilty by a preponderance of the evidence. The district court must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." United States v. Carr, 271 F.3d 172, 178-79 n.6 (4th Cir. 2001) (internal quotation marks and citation omitted).

To prove a crack conspiracy, the government must establish that "an agreement to distribute and possess [crack]

3

with intent to distribute existed between two or more persons" and that the defendant knew of and knowingly and voluntarily became part of the conspiracy. United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008) (internal quotation marks omitted). "The gravamen of the crime is an agreement to effectuate a criminal act." Id. at 226 (internal quotation marks omitted); see United States v. Edmonds, 679 F.3d 169, 173-74 (4th Cir.) (discussing distinction between conspiracy and underlying drug offense), vacated and remanded on other grounds, 133 S. Ct. 376, reissued in part, 700 F.3d 146, 147 (4th Cir. 2012).

In proffering evidence to support Reeves' plea, the Government recounted that the indictment against Reeves and eleven co-defendants charged a broad drug conspiracy in Greenville County, South Carolina. The Government stated that a confidential informant had made a small purchase of crack from Reeves and that other individuals admitted to supplying Reeves with crack cocaine. When asked to confirm these facts, Reeves readily admitted that he had sold crack, but he adamantly denied involvement in a conspiracy. Of the numerous individuals named in the indictment as co-conspirators, Reeves acknowledged that he knew his brothers, but he did not provide any further testimony to indicate his knowing or voluntary participation in the charged conspiracy.

4

While it is true that, "[o]nce the Government proves a conspiracy, the evidence need only establish a slight connection between a defendant and the conspiracy to support conviction," United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010), we question whether the evidence proffered by the Government was sufficient to prove the requisite nexus between Reeves and the charged conspiracy. Neither the confidential informant, nor the individuals who purportedly provided drugs to Reeves, were identified as co-conspirators. The Government provided no indication of the quantity, frequency, or type of transactions in which Reeves allegedly engaged, as necessary to use these transactions as evidence of a tacit agreement to distribute further. See Edmonds, 679 F.3d at 174; United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008); United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). Reeves' receipt and sale of drugs, standing alone, does not establish that he entered into an agreement with his alleged co-conspirators. Moreover, the mere fact that Reeves knew or was related to certain co-conspirators does not demonstrate either his knowledge of the conspiracy or his knowing and voluntary participation in a conspiracy with these individuals.

In reviewing a district court's acceptance of a guilty plea, "we will not find an abuse of discretion so long as the district court could reasonably have determined that there was a

sufficient factual basis <u>based on the record before it</u>." <u>Ketchum</u>, 550 F.3d at 367 (emphasis added) (internal quotation marks omitted). However, Reeves pled guilty before his presentence report was prepared, and the court did not defer accepting the plea until sentencing. Moreover, while the court may have been aware of other facts supporting Reeves' involvement based on the pleas and presentence reports of his co-defendants, information about these defendants' proceedings is not available in the record on appeal, and we can only speculate as to the content of these materials and the extent to which the district court may have relied upon them. When coupled with Reeves' adamant denial of participation in a conspiracy, these facts may indeed be inadequate to establish an independent factual basis for the plea.

Ultimately, however, we need not resolve this question. Reeves bears the burden to demonstrate each element of plain error. Importantly, Reeves does not assert that, had the court been more exacting in ensuring factual support for the plea, he would have chosen not to plead guilty and would have insisted on proceeding to trial. In light of the additional facts detailed in the presentence report, to which Reeves does not object, we conclude that Reeves has not met his burden to establish that any error in accepting the plea affects his substantial rights. Moreover, these facts provide adequate

6

support for Reeves' plea such that any error would not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotation marks and alteration omitted).

In his Anders brief, counsel also questions whether the district court committed sentencing error. We review a sentence imposed by the district court for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). We first examine the sentence for "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51. If we find the sentence procedurally reasonable, we also must examine the substantive reasonableness of the sentence under the totality of the circumstances. Id. A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Unpreserved arguments regarding sentencing error are reviewed for plain error. See United States v. Streiper, 666 F.3d 288, 292 (4th Cir. 2012); United States v. Lynn, 592 F.3d

7

572, 577 (4th Cir. 2010). A defendant preserves a claim that the district court failed to properly consider the § 3553(a) factors and to adequately explain the chosen sentence "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." Lynn, 592 F.3d at 578. Because Reeves did not object to the presentence report, request any specific sentence, or raise any arguments drawing from the § 3553(a) factors, we review these issues for plain error. See Streiper, 666 F.3d at 292; Lynn, 592 F.3d at 577-78.

We have thoroughly reviewed the record and discern no reversible sentencing error. The district court properly calculated Reeves' Guidelines range, conducted an individualized assessment of his case, and announced a justification for its sentence grounded in the relevant § 3553(a) factors. To the extent the court may have erred in not considering Reeves' history and characteristics more explicitly or in not permitting the Government an opportunity to present arguments at sentencing, we conclude such error did not affect Reeves' substantial rights; counsel did not request a below-Guidelines sentence, and the court imposed a sentence at the bottom of the Guidelines range and only one month above the statutory mandatory minimum. Neither Reeves nor the available record provides a basis to rebut the presumption of substantive

8

reasonableness accorded his within-Guidelines sentence.  See Montes-Pineda, 445 F.3d at 379.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Reeves, in writing, of the right to petition the Supreme Court of the United States for further review.  If Reeves requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Reeves.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED