**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4538**

─────────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

HEATHER DEYOUNG,

　　　　　Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior
District Judge.  (7:12-cr-00475-GRA-2)

─────────────

Submitted:  April 10, 2014　　　　　　Decided:  May 14, 2014

─────────────

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

─────────────

Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston,
South Carolina, for Appellant.  William N. Nettles, United
States Attorney, William J. Watkins, Jr., Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heather DeYoung appeals her conviction and sentence after pleading guilty to conspiracy to distribute and to possess with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012). On appeal, DeYoung contends the district court erred under Fed. R. Crim. P. 11 in accepting her guilty plea, and her sentence is unreasonable. We affirm her conviction, vacate her sentence, and remand for resentencing.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). It "require[s] a district court, before accepting a guilty plea, to 'personally inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea.'" United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008) (quoting United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999)).

Rules 11(b)(1) and 11(b)(2) require the district court to "address the defendant personally in open court" to both

2

inform her of her rights as a defendant and consequences of the plea, and to determine that her plea is knowing and voluntary. Fed. R. Crim. P. 11(b).  If the parties "discuss and reach a plea agreement," they "must disclose the plea agreement in open court when the plea is offered."  Fed. R. Crim. P. 11(c).  If the Government agrees to "recommend, or agree[s] not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate," the court "must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Fed. R. Crim. P. 11(c)(1)(B), (c)(3)(B); United States v. Martinez, 277 F.3d 517, 530-31 (4th Cir. 2002); United States v. Iaquinta, 719 F.2d 83, 84-85 (4th Cir. 1983).

We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); see also United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996) (noting this "Court has repeatedly refused to script the Rule 11 colloquy, relying rather on the experience and wisdom of the district judges below").  A guilty plea may be knowingly and intelligently made based on information received before the plea hearing.  See DeFusco, 949 F.2d at 116; see also Bradshaw, 545 U.S. at 183 (trial court may rely on counsel's assurance that defendant was properly informed of elements of the crime).

3

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

Because DeYoung's Rule 11 claim is raised for the first time on appeal, we review for plain error. See United States v. Vonn, 535 U.S. 55, 71 (2002); Martinez, 277 F.3d at 525. It is thus DeYoung's burden to show (1) error; (2) that was plain; (3) affecting her substantial rights; and (4) that this Court should exercise its discretion to notice the error. See Martinez, 277 F.3d at 529, 532. To show her substantial rights were affected, she "must show a reasonable probability that, but for the error, [she] would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We have reviewed the record and the parties' briefs, and we conclude that DeYoung fails to make this showing. Even assuming that the district court did plainly err under Rule 11, DeYoung fails to assert or show that she would not have entered her guilty plea but for the alleged error.

4

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). We first consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range or inadequately explaining the sentence imposed. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider whether it is substantively reasonable, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

We review preserved sentencing claims for abuse of discretion, and if we find abuse, reversal is required unless the error was harmless. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013) (citation and internal quotations omitted).

5

In sentencing, the district court must first correctly calculate the defendant's Guidelines range. Allmendinger, 706 F.3d at 340. The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012). Id. When rendering a sentence, the court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009). In explaining a sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Where a defendant or the Government presents nonfrivolous reasons for imposing a sentence outside the Guidelines, the district court should address those arguments and explain why it has rejected them. See Rita, 551 U.S. at 357; Lynn, 592 F.3d at 584-85.

We have reviewed the record and conclude that the district court failed to adequately explain its sentence, and the sentence is procedurally unreasonable. DeYoung and her co-defendant, who was her ex-husband, pled guilty together. At their guilty plea hearing, the Government placed on the record that it had agreed to make sentencing recommendations in their

6

cases. Based on DeYoung's minor role in the conspiracy, the Government recommended that she be sentenced to twelve months of home confinement. In her co-defendant's case, the Government recommended a reduction in drug weight and no enhancement for a leadership role in the conspiracy. The district court sentenced the co-defendant as recommended by the parties.

At DeYoung's sentencing that immediately followed, she requested that the district court likewise sentence her as recommended by the Government, or if the court determined that a prison sentence was appropriate, that it give her the same benefit that her co-defendant received from the reduction in drug weight. The district court rejected both requests without explanation, sentencing her instead to 70 months in prison, the bottom of her advisory Guidelines range. While the co-defendant was more culpable, he received the same sentence.

Because the record does not make clear that the district court considered DeYoung's arguments when sentencing her or had a reasoned basis for rejecting them, we conclude that the court erred by ignoring her "nonfrivolous arguments for a different sentence and failing to explain the sentencing choice." Lynn, 592 F.3d at 584-85. Moreover, because we cannot say with fair assurance that the district court's explicit consideration of DeYoung's arguments would not have affected the sentence imposed, we conclude that the Government has not shown

7

that the error was harmless.  See United States v. Boulware, 604 F.3d 832, 838-40 (4th Cir. 2010).

Accordingly, we affirm DeYoung's conviction, vacate her sentence, and remand for resentencing.  We also direct that this case be assigned to a different judge on remand.  See United States v. Lentz, 383 F.3d 191, 221-22 (4th Cir. 2004). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED