**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4645**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DANIEL ANTONIO MURRAYE, a/k/a D,

        Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:11-cr-02026-GRA-6)

─────────────

Argued:  December 11, 2014       Decided:  February 3, 2015

─────────────

Before MOTZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Motion to dismiss denied; judgment affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:** Charles Burnham**,** BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant**.** Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY**,** Greenville, South Carolina, for Appellee. **ON BRIEF:** Eugene V. Gorokhov, Ziran Zhang, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant. William N. Nettles, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Antonio Murraye ("Appellant") agreed to plead guilty to conspiracy to distribute crack cocaine. After signing a plea agreement and executing a petition outlining his rights pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Appellant appeared for his plea hearing. At that hearing, the district court failed to address Appellant individually in open court regarding, inter alia, the voluntariness of Appellant's plea, the nature of his charge, and his potential sentence. The court likewise failed to ensure that a sufficient factual basis existed for the plea. These failures, which contravene the plain language of Rule 11, constitute plain error. However, although the error was plain, Appellant is unable to carry his burden of showing the error affected his substantial rights; i.e., he has not shown a reasonable probability that but for the errors, he would not have pled guilty. Therefore, we are constrained to affirm the district court.

I.

Appellant began using drugs at age 11 and left home at age 15. He attended school until ninth grade, was enrolled in special education classes, and has received no other formal education.

On August 9, 2011, a District of South Carolina grand jury returned an indictment charging Appellant with one count of

3

conspiracy to distribute at least 280 grams of crack cocaine, and six counts of distributing crack cocaine. On December 19, 2011, the Government filed a plea agreement in which Appellant agreed to plead guilty only to the conspiracy charge. The agreement did not contain a statement of facts.

On December 20, 2011, Appellant appeared for his plea hearing and filed a Petition to Enter Plea of Guilty (the "Petition"), which is a pre-printed form listing questions typically asked at a plea hearing. According to the parties, the Petition is routinely utilized in this district court. Five other defendants also entered guilty pleas in the same proceeding. Only one of these other defendants was a purported co-conspirator of Appellant, however. Of the remaining four, three were pleading guilty to participating in an oxycodone conspiracy, and one was pleading guilty to unarmed bank robbery. Neither the oxycodone conspiracy nor the bank robbery had any relationship to Appellant's guilty plea. The propriety of that plea hearing is at issue in this appeal. The details of the hearing are discussed more fully, infra.

Appellant was adjudged guilty at the plea hearing, and on March 19, 2012, the district court sentenced him to 120 months in prison, the mandatory minimum sentence.

On March 18, 2013, Appellant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He contended that

4

his attorney was ineffective for failing to file a notice of appeal at Appellant's request. The district court granted the motion and allowed Appellant 14 days to file a timely notice of appeal. Appellant did so. On appeal, he challenges the propriety of the district court's execution of the plea process. On January 3, 2014, the Government filed a motion to dismiss the appeal, arguing that Appellant's plea agreement barred the appeal. See Gov't's Mot. to Dismiss, ECF No. 20 (filed Jan. 3, 2014). That motion is still pending with this court and is also addressed infra.

## II.

Appellant did not object to the district court's plea colloquy below; therefore, we review his appellate claims for plain error. See United States v. Olano, 507 U.S. 725, 731–32 (1993); United States v. Massenburg, 564 F.3d 337, 346 (4th Cir. 2009). We "accord deference to the trial court's decision as to how best to conduct the [Rule 11 plea] colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); see also United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996) (noting that this court "has repeatedly refused to script the Rule 11 colloquy, relying rather on the experience and wisdom of the district judges below").

III.

Because it functions as a waiver of important constitutional rights, a guilty plea must be entered "voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). In evaluating the validity of a guilty plea, we must "look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (alteration and internal quotation marks omitted).

A.

Rule 11 of the Federal Rules of Criminal Procedure governs our analysis and provides, in pertinent part, that a court "must address the defendant personally in open court" and "must inform the defendant of, and determine that the defendant understands" a litany of rights and waivers. Fed. R. Crim. P. 11(b)(1)(A)-(O) (emphases supplied). In addition, a court "must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)," and "[b]efore entering judgment on a guilty plea, the court must

6

determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(2)-(3) (emphases supplied); see also United States v. Damon, 191 F.3d 561, 563 (4th Cir. 1999) (stating a court must conduct a Rule 11 inquiry "before a guilty plea can be accepted").

Rule 11 has "two principal purposes. First, it assists the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, it produces a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." Damon, 191 F.3d at 564 (alteration, citation, and internal quotation marks omitted).

In 1966, Rule 11 was amended to make clear that the court is "require[d] to address the defendant personally in the course of determining that the plea is made voluntarily and with understanding of the nature of the charge." Fed. R. Crim. P. 11 advisory committee's note on 1966 amendment. The revised rule also "impose[d] a duty on the court in cases where the defendant pleads guilty to satisfy itself that there is a factual basis for the plea before entering judgment." Id. Further,

> [t]he court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense

> included therein to which the defendant has pleaded guilty. Such inquiry should, e.g., protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.

Id.

In 1983, the Rule was again amended to create a harmless error standard for Rule 11 violations, rather than per se reversal. See Fed. R. Crim. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991). We have explained, "Under the [1983 amended] Rule 11 standard, . . . this Court may vacate the conviction made pursuant to the plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights." DeFusco, 949 F.2d at 117.

B.

Appellant raises multiple arguments that the district court plainly erred in the manner in which it conducted the plea hearing. Appellant contends the district court "relied almost entirely on the government's recitation of what was written by six defendants on a document they purportedly completed and signed outside of court." Appellant's Br. 19. Specifically, he claims the district court:

- failed to take into account or address his limited education;

- failed to ask whether Appellant signed the Petition;

8

- failed to address him individually regarding waiver of his rights;

- failed to address him individually regarding his potential sentence;

- failed to address him specifically regarding waiver of his right to appeal and collateral attack;

- failed to address him specifically regarding the Government's right to use statements made under oath;

- failed to address him personally to ensure the plea was not the result of improper coercion;

- failed to ensure that he understood the nature of the charge against him; and

- failed to establish a factual basis before accepting the plea.

### 1.

To demonstrate error, "a defendant must show that 'a legal rule was violated during the district court proceedings.'" United States v. Benton, 523 F.3d 424, 429 (4th Cir. 2008) (quoting United States v. Olano, 507 U.S. 725, 733-34 (1993)).

### a.

Here, the district court erred because it repeatedly failed to follow the plain language of Rule 11.

Rule 11 explicitly requires that a court ensure "that [a] plea is voluntary," and "that the defendant understands . . . the nature of each charge to which [he] is pleading."

9

Fed. R. Crim. P. 11(b)(2), (b)(1)(G). We have explained that in order to satisfy these requirements, "a trial court must take into account both the complexity of the charge and the sophistication of the defendant," which may be inferred from "personal characteristics, such as age, education, and intelligence." DeFusco, 949 F.2d at 117. But here, the district court failed to personally address Appellant regarding his educational background, age, and competency to enter a guilty plea. The court did not even personally ensure in open court that Appellant had actually signed the Petition, read the plea agreement, or discussed either document with counsel.

Rule 11 also directs that, before accepting a guilty plea, the district court "must address the defendant personally and in open court and determine that the plea . . . did not result from force, threats, or promises . . . ." Fed. R. Crim. P. 11(b)(2) (emphasis supplied). The Petition sets forth three questions in this regard; however, the court never addressed this issue personally with Appellant in open court.

Next, the court is required to "inform the defendant of, and determine that the defendant understands . . . the right to plead not guilty[;] the right to a jury trial[;] the right to be represented by counsel[;] the right at trial to confront and cross-examine adverse witnesses [and] to be protected from compelled self-incrimination[;] [and] the defendant's waiver of

10

these trial rights if the court accepts a plea of guilty . . . ." Fed. R. Crim. P. 11(b)(1)(B)-(F). The Government read the questions set forth in Section B of the Petition, which outlined the abovementioned rights, and simply stated as to each question, "[e]ach defendant has answered yes [i.e., indicated that he or she understood these rights]." J.A. 44-45.[1] However, the court made no attempt to confirm that Appellant himself understood the rights he was waiving.

Rule 11 also requires the district court to inform Appellant of and ensure that he understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). The Petition provides one question to this effect, and the plea agreement itself delineates these rights. But the court made no separate, individualized inquiry that Appellant understood these rights, asking only, "[Y]a'll have heard the plea agreement. Is it stated properly?" J.A. 59. Appellant and his purported co-conspirator replied, "Yes sir." Id.

In addition, Rule 11 requires the district court to determine that the defendant understands the Government's right "to use against the defendant any statement that the defendant

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

gives under oath" in a prosecution for perjury or false statement. Fed. R. Crim. P. 11(b)(1)(A). But the district court did not alert Appellant to these rights in the plea hearing or via the Petition.

Rule 11 also requires the court to ensure that a defendant understands the maximum and minimum penalties to which he will be subject by pleading guilty. See Fed. R. Crim. P. 11(b)(1)(H)-(I). Although the Petition contains two blanks that Appellant apparently filled in with these penalties, the district court did not personally ensure that Appellant understood them in open court.

b.

The district court also did not ensure that a factual basis for the plea existed. See Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." (emphasis supplied)). In determining whether a factual basis exists, a court should determine whether the "evidence presented is sufficient to demonstrate that the defendant committed the elements of the charged offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). The district court need not rely on the Rule 11 plea colloquy to do so; "it may conclude that a factual basis exists from anything that appears on the

record." United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007) (internal quotation marks omitted).

In United States v. Mastrapa, this court vacated a defendant's guilty plea because Mastrapa did not admit the necessary mens rea before entering the plea. 509 F.3d at 654-55. This court first noted that in order to prosecute Mastrapa for drug conspiracy, the Government had to prove that he had "knowledge of th[e] conspiracy" and "knowingly and voluntarily participated in the conspiracy." Id. at 657 (emphases in original). Thus, his mens rea "was an essential element to his guilt." Id.

In vacating the plea, we reasoned, "the district court could not have found a factual basis in the record for Mastrapa's guilty plea in that the record failed to demonstrate that Mastrapa had knowledge of the conspiracy and that he knowingly and voluntarily participated in the conspiracy." Mastrapa, 509 F.3d at 660. The lower court relied on an affidavit presented by a DEA agent that stated Mastrapa drove a van to a hotel where a drug transaction occurred and helped carry grocery bags (which were later found to contain drugs) from the van to the hotel room. See id. at 656. But Mastrapa consistently maintained that he did not know what was in the grocery bags, and thus, he did not have the appropriate mens rea to commit the conspiracy offense. See id. at 658. We concluded

13

that accepting a guilty plea from a defendant "who did not admit to an essential element of guilt under the charge . . . would surely cast doubt upon the integrity of our judicial process . . . ." Id. at 661.

This court has held, however, that Rule 11 does not require a district court to "establish through colloquy that a factual basis exists for the plea." DeFusco, 949 F.2d at 120 (emphasis supplied) (concluding that the factual basis was supported where defendant provided the court with a signed statement of facts and admitted on the record that the statement was "an accurate representation of what happened"). Rather, the court has "wide discretion" to conclude a factual basis exists "from anything that appears on the record." Id.

Appellant purported to plead guilty to Count One of the indictment, conspiracy to distribute at least 280 grams of crack cocaine. The indictment set forth the offense as follows:

> [Appellant and others] knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute cocaine base . . ., said conspiracy involving 280 grams or more of "crack" cocaine . . . .

J.A. 11. The elements of a drug conspiracy are "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law; (2) the defendant's knowledge of

14

the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010).

The plea agreement did not contain a statement of facts. But, the Government proffered the following information about Appellant's case at the plea hearing:

> [T]he Greenville County Sheriff's Office requested assistance of the FBI in the investigation of illegal drug and gang activity in the Sterling and Judson communities of Greenville. Several people have pled guilty in front of your Honor, including [two individuals]. They provided information about illegal drug sales including the involvement of both [alleged co-conspirator] and [Appellant].
>
> Officers made several controlled purchases of crack cocaine from both of these defendants. That along with historical information provides . . . that [alleged co-conspirator] and [Appellant] purchased and sold crack cocaine to others in this conspiracy, [and] that the drug weight attributable to them is more than 280 grams of crack cocaine.

J.A. 61-62. Following the Government's proffer, the court asked, "Is that correct?" to which Appellant replied, "Yes, sir." Id. at 62.

The only statement Appellant made about the offense was the following: "I agreed to sell illegal drugs and I did sell them crack cocaine." J.A. 65. When asked about the amount, Appellant said, "280 grams." Id. at 66.

15

Appellant's statement and the Government's proffer do not establish that Appellant <u>knowingly</u> and <u>voluntarily</u> participated in the conspiracy. Appellant simply stated he "agreed to sell illegal drugs," and "did sell them crack cocaine." J.A. 65. But he did not explain who "them" is; with whom he agreed to sell drugs; that he understood there was a conspiracy; or that he agreed to be part of a conspiracy. The Government's proffer does not fill this gap, inasmuch as it offers nothing more than that Appellant "purchased and sold crack cocaine to others in this conspiracy." <u>Id.</u> at 61–62. The proffer readily describes drug distribution, but not knowing participation in a conspiracy. As in <u>Mastrapa</u>, the district court did not ensure, at the most basic level, that Appellant possessed the appropriate mens rea, and the evidence on the record falls painfully short of establishing Appellant "<u>knowingly and voluntarily</u> participated in the conspiracy, [an] essential element to his guilt." <u>Mastrapa</u>, 509 F.3d at 660, 657 (emphasis in original).

The court also failed to ensure Appellant understood "the true nature of the charge." <u>DeFusco</u>, 949 F.2d at 117. To the extent the Government stated Appellant was buying and selling from others in the conspiracy, this conclusion was based on "historical information" that was not explained to the district court or Appellant at his plea hearing. J.A. 61. This

16

is insufficient to establish a factual basis. Rule 11 "mandates that the factual basis be sufficiently specific to enable the district court to compare the conduct admitted by the defendant," and proffered by the Government, "with the elements of the offense charged." United States v. Trejo, 610 F.3d 308, 313 (5th Cir. 2010) (emphasis supplied). Even though the Government mentions others in the alleged conspiracy who had pled guilty, apparently based on this "historical information," there is nothing in this record demonstrating how that information implicated Appellant.

Furthermore, the Government's proffer that "[o]fficers made several controlled purchases of crack cocaine from both these defendants," J.A. 61-62, also does not support a factual basis for conspiracy, as a defendant cannot legally conspire with a government official. See United States v. Edmonds, 679 F.3d 169, 175 (4th Cir. 2012) ("The crime of conspiracy . . . requires a genuine agreement between two or more persons to commit a crime, and an agreement between a defendant and a government agent, who does not agree to commit another crime but is engaging the defendant only to establish evidence of a crime, does not provide evidence of a genuine agreement."), judgment vacated on other grounds, 133 S. Ct. 376 (2012); United States v. Lewis, 53 F.3d 29, 33 (4th Cir. 1995) ("[A] defendant cannot be convicted for conspiring with a government agent."); Soto v.

17

*United States*, 37 F.3d 252, 256 (7th Cir. 1994) (per curiam) ("[A] single defendant cannot 'conspire' with undercover officers alone.").

For all these reasons, the district court erred in its commission of the Rule 11 hearing.

2.

These errors are plain because they were "'obvious' and 'clear under current law.'" *Benton*, 523 F.3d at 433 (quoting *Olano*, 507 U.S. at 734). The court manifestly failed to follow the requirements of Rule 11. *See United States v. Massenburg*, 564 F.3d 337, 346 (4th Cir. 2009) ("[A] district court's failure to alert a criminal defendant to a potential mandatory minimum sentence is a serious omission that strikes at the core of Rule 11."); *Mastrapa*, 509 F.3d at 660-61 (finding plain error where the district court accepted a guilty plea "from a defendant who did not admit to an essential element of guilt under the charge"); *United States v. Carter*, 662 F.2d 274, 276 (4th Cir. 1981) ("A mere statement by the accused that he understands the charge against him does not relieve the court of the responsibility of further inquiry. The court must explain the meaning of the charge and what basic acts must be proved to establish guilt. . . . [T]he court must personally address the defendant and ascertain the nature of his understanding." (citation omitted)); *see also McCarthy v. United States*, 394

18

U.S. 459, 464 (1969) (Rule 11 exists to ensure that "a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea.").

Moreover, even though we have held that in some circumstances the use of a pre-written and pre-signed form like the Petition does not necessarily contravene Rule 11, in those cases the district courts also performed a personalized Rule 11 examination in open court. See, e.g., United States v. Enamorado-Ramirez, 423 F. App'x 263, 264 (4th Cir. 2011) (per curiam) (finding no plain error where defendant used a written Rule 11 form, "communicated with the district court through an interpreter[, and] assured the court that he understood the nature of the proceedings, the rights he waived and the penalties he faced, and was satisfied with his attorney's performance");[2] see also United States v. Cotal-Crespo, 47 F.3d

---

[2] Two other unpublished opinions from this court have addressed plain error challenges to such plea hearing practices but have rejected them on the third prong of the plain error test. See United States v. DeYoung, 571 F. App'x 231, 232-33 (4th Cir. 2014) (upholding guilty plea where, even assuming the district court's use of the Petition in a Rule 11 hearing was plain error, Appellant had not shown a reasonable probability that, but for the error, she would not have entered the plea); United States v. Reeves, 533 F. App'x 301, 304 (4th Cir. 2013) (finding that alleged plain errors did not affect defendant's substantial rights, but notably, suggesting that evidence before the district court at the plea hearing, which was similar to the evidence before the district court in the case at hand, "may indeed be inadequate to establish an independent factual basis for the plea").

1, 4-5 (1st Cir. 1995) (holding that district court's use of written document, in conjunction with colloquy with defendant, satisfied Rule 11, explaining, "What is critical is the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant, rather than the form of the communication"). We simply did not have that situation here.

For these reasons, the district court plainly erred. Our inquiry does not end there, however.

3.

Appellant bears the final burden of showing that the plain error in this case affected his substantial rights. See Fed. R. App. P. 52(b); Olano, 507 U.S. at 734. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); see also United States v. Sanya, Nos. 13-4937 & 13-4938, 2014 WL 7210423 (4th Cir. Dec. 17, 2014).

Thus, on appeal, Appellant "must . . . satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding."

<u>Dominguez Benitez</u>, 542 U.S. at 83 (internal quotation marks omitted) (emphasis supplied); <u>see also</u> <u>United States v. Bradley</u>, 455 F.3d 453, 462 (4th Cir. 2006) ("We consider the entire record in determining whether the[] [plain error] requirements have been met."). We have explained,

> When determining whether a Rule 11 error affected a defendant's substantial rights, we consider what information was provided to the defendant when he pleaded guilty, what additional information would have been provided by a proper Rule 11 colloquy, and how the additional information would have affected the decision to plead guilty.

<u>United States v. Hairston</u>, 522 F.3d 336, 341 (4th Cir. 2008). Even if we find the error affected substantial rights, we will not correct the error unless it would "seriously affect the fairness, integrity or public reputation of judicial proceedings." <u>Sanya</u>, 2014 WL 7210423, at *2 (internal quotation marks omitted).

a.

Appellant's attempts to satisfy his burden fall flat. He first attempts to show a reasonable probability that he would have not pled guilty but for the error by explaining (1) he instructed his attorney to file an appeal after the sentencing hearing; (2) "the district court's near-total failure to personally address [Appellant] . . . created an unacceptably high risk that defendants like [Appellant] will plead guilty in

21

this district court without fully understanding their rights . . . . ," Appellant's Br. 28-29; and (3) he "had a number of potentially viable defenses that are apparent from the record, such as multiple-conspiracies theory or a buyer-seller theory," Appellant's Reply Br. 8.

To be sure, had the district court performed the Rule 11 plea hearing correctly, it would have -- at the hearing -- personally addressed Appellant regarding the voluntariness of the plea, his education, and his competency; insisted that the Government specifically explain what evidence it possessed showing Appellant's knowledge of the conspiracy; personally consulted with Appellant as to each constitutional right he was waiving; explained to Appellant that any statements he made could be used against him in a perjury proceeding; allowed Appellant to elaborate more on his statement of his involvement with the charged crime; ensured Appellant read the plea agreement and Petition and discussed them with counsel; confirmed Appellant's understanding of the mandatory minimum sentence; and ensured that the plea was being entered into without threat, promise, or coercion. See Hairston, 522 F.3d at 341.

It is unclear, however, how this information would have influenced Appellant's decision to plead guilty, if at all. See Hairston, 522 F.3d at 341. We have no statements on the

22

record, at any stage of the trial proceedings, demonstrating that Appellant wished to withdraw his guilty plea or would have gone to trial but for the errors. Compare Massenburg, 564 F.3d at 343 (appellant did not show his substantial rights were affected where "there are no statements on the record before us suggesting that Massenburg would not have pleaded guilty if the district court had properly informed him of the sentencing exposure that he faced"), with Sanya, 2014 WL 7210423, at *7 (concluding that Sanya's substantial rights were affected based on his refusal to sign a plea agreement before the plea hearing, the district court's "repeated and direct . . . exhortations" to plead guilty during the hearing, and Sanya's "[i]mmediate[] . . . withdr[awal of] his insistence on going to trial"), and Hairston, 522 F.3d at 342 (same, where Hairston stated on the record, "Your Honor, I would not have signed a paper [to be incarcerated] for 45 years. My kids would never see me again . . . . I would never have signed for no 45 years"; thus, "the record establishes that Hairston would not have pleaded guilty if he had known" his exposure at sentencing (internal quotation marks omitted)).

### b.

With regard to the factual basis, Appellant further argues, "if the district court had correctly concluded that [Appellant's] guilty plea lacked a factual basis, a different

outcome would have been not just reasonably probable, but certain." Appellant's Br. 31; see also Fed. R. Crim. P. 11(b)(3). But on plain error review, we "may consult the whole record when considering the effect of any error on substantial rights." United States v. Vonn, 535 U.S. 55, 59 (2002); see also Dominguez Benitez, 542 U.S. at 80 ("[W]e explained [in Vonn] that in assessing the effect of Rule 11 error, a reviewing court must look to the entire record, not to the plea proceedings alone . . . ."); cf. United States v. Hildenbrand, 527 F.3d 466, 475 (5th Cir. 2008) ("When determining whether there is a factual basis for a guilty plea, inferences may be fairly drawn from the evidence adduced after the acceptance of a guilty plea but before or at sentencing," including evidence set forth in the Presentence Investigation Report.). Here, Appellant's Presentence Investigation Report, to which he did not object, recites 12 paragraphs of facts, spanning three pages, that demonstrate Appellant's knowledge of and participation in the conspiracy. Cf. Mastrapa, 509 F.3d at 660 (finding defendant's substantial rights were affected where defendant consistently stated that he had no idea he was transporting drugs for the other members of the purported conspiracy, even after the plea hearing).

Our review of the record in this case does not show that the Rule 11 errors "influenced [Appellant's] decision to

24

plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Thorne, 153 F.3d 130, 133 (4th Cir. 1998) (internal quotation marks omitted). Appellant therefore fails to show his substantial rights were affected, and we are compelled to affirm the district court.

C.

The Government's motion to dismiss the appeal based on the appellate waiver in Appellant's plea agreement remains pending. For an appeal waiver to be effective, "the record must show that the waiver was based upon a knowing and intelligent decision." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). We must evaluate this issue "by reference to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." Id. (internal quotation marks omitted).

As discussed above, Appellant has a limited educational background and was enrolled in special education classes. The district court never explained the plea agreement to him or sufficiently ensured that his attorney did so. The district court also never asked specifically whether Appellant understood the waiver of his appeal rights. Considering the

25

totality of the circumstances, we conclude Appellant's waiver was neither knowing nor intelligent. See United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010) (An appellate waiver "is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." (internal quotation marks omitted)). But cf. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (waiver was effective where the trial judge "established that the defendant was educated, was represented by counsel, and had discussed with her lawyer the nature of the charge to which she was pleading"); United States v. Attar, 38 F.3d 727, 731-32 (4th Cir. 1994) (waiver was valid and enforceable where the trial court "conducted an extensive Rule 11 colloquy with [defendant]," where "the court established that [defendant] was a well-educated man with a Ph.D. in chemistry [and] was fully competent to plead for himself and the corporate defendant"; and the court "then summarized the terms of the written plea agreement for [defendant], including the provision waiving appeal rights"). Therefore, the motion is DENIED.

## IV.

We may well have reached a different disposition today had trial counsel objected to the district court's disregard for the plain language of Rule 11. It is also noted that, as represented at oral argument, the habit of allowing the Petition to serve as a proxy for personalized courtroom contact with defendants in this particular district court has gone largely unchallenged by either side of the plea process. The plea process is meant to "bring[] to the criminal justice system a stability and a certainty" that, in this case, were noticeably lacking. Premo v. Moore, 131 S. Ct. 733, 745 (2011). The United States Attorney's office would do well to remember that it is "the representative . . . of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." Berger v. United States, 295 U.S. 78, 88 (1935). Thus, the Government should stand as a conservator of the plea process, not a silent beneficiary of shortcuts.

## V.

For the foregoing reasons, the Government's motion to dismiss is denied, and the district court is affirmed.

MOTION TO DISMISS DENIED;
JUDGMENT AFFIRMED

27