**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4445**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TORRY TAREZ DAVIS,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Anderson. G. Ross Anderson, Jr., Senior District Judge. (8:14-cr-00331-GRA-1)

———————————

Submitted: March 31, 2016          Decided: May 25, 2016

———————————

Before KING, DIAZ, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torry Tarez Davis pled guilty, without a plea agreement, to possession with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D) (2012). The district court sentenced Davis to 151 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court provided a reasoned basis for Davis' sentence. Davis filed a supplemental pro se brief, asserting that his attorney and the Government failed to alert him to the consequences of his guilty plea, disputing the reasonableness of his sentence, and raising evidentiary issues. After careful consideration of the entire record, we affirm.

Prior to accepting a defendant's guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty.* Fed. R. Crim. P. 11(b)(1); United States v.

---

* The plea hearing in this case took place before we issued United States v. Murraye, 596 F. App'x 219 (4th Cir. 2015), which once again criticized the practice of relying on the prosecutor and a written plea petition to convey and solicit the information specified by Rule 11. But, even assuming the
(Continued)

2

DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).  The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises outside of a plea agreement with the Government.  Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20.  Because Davis did not pursue a motion to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, the plea colloquy is reviewed for plain error.  United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014).  Davis' contention that he was not alerted to the consequences of pleading guilty is belied by the record, which demonstrates that he was informed of the maximum sentence he faced and the possible applicability of the career offender designation under U.S. Sentencing Guidelines Manual § 4B1.1 (2014).

Next, we review Davis' sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007).  This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.  Id. at 51.  In assessing

---

district court similarly and improperly delegated the task of conducting the Rule 11 colloquy in this case, we conclude Davis' rights were not substantially affected by the error.

3

procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Id. at 51. A sentence is presumptively reasonable if it is within the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

After adopting the correctly calculated offense level, criminal history category, and Guidelines range contained in Davis' presentence report, the district court heard arguments from both parties and considered Davis' allocution. Contrary to Davis' contention, we find nothing inflammatory in the Government's sentencing argument. The court then issued an individualized sentence, explicitly grounded in the § 3553(a) factors. Davis' 151-months sentence, which fell at the bottom of the applicable Sentencing Guidelines range, is presumptively reasonable and Davis has failed to rebut this presumption.

4

Further, we conclude that Davis' remaining pro se arguments, which he raises for the first time on appeal, have been waived. United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge, and constitutes an admission of all material facts alleged in the charge. Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects." (internal citations and quotation marks omitted)).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Davis' conviction and sentence. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED